IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re: HIGHLAND CAPITAL MANAGEMENT, L.P., <br> Debtor <br> _____ <br><br> JAMES DONDERO, *et al.*, <br><br> Appellants, <br><br> v. <br><br> HON. STACEY G. C. JERNIGAN, <br><br> Appellee. | § § § § § § § § § § § § § § § § § § Civil Action No. 3:21-CV-0879-K |

## MEMORANDUM OPINION AND ORDER

Appellants James Dondero, Highland Capital Management Fund Advisors, L.P., NexPoint Advisors, L.P., The Dugaboy Investment Trust, The Get Good Trust, and NexPoint Real Estate Partners, LLC. f/k/a HCRE Partners, LLC's (collectively "Appellants") Notice of Appeal was filed in this Court on April 18, 2021. *See* Doc. No. 1. Appellants appeal an order of the Bankruptcy Court denying Appellants' motion to recuse. *See generally* Am. Notice of Appeal (Doc. No. 1-1); Appellants' Br. (Doc. No. 16). Intervenor/Debtor Highland Capital Management, L.P. filed its Appellee's Brief in response (Doc. No. 20), and Appellants filed their Reply Brief (Doc. No. 23).

Until a final judgment is issued, the bankruptcy court's denial of the motion to recuse "is not an appealable order, not subject to the collateral order doctrine, and is not an appealable interlocutory order under 28 U.S.C. § 1292(a)." *In re Dorsey*, 489 F. App'x 763, 764 (5th Cir. 2012) (citing *Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 & n.3 (5th Cir. 1992) ("We decline to review the court's denial of the City's motion to recuse, however, because the judge's decision is not an appealable interlocutory order . . . . the City must await a final judgment to appeal the judge's refusal to recuse himself.")); *accord Willis v. Kroger*, 263 F.3d 163, 163 (5th Cir. 2001) ("The denial of a recusal motion is not an appealable interlocutory order or an appealable collateral order."); *see also United States v. Henthorn*, 68 F.3d 465, 465 (5th Cir. 1995) ("An order denying a motion for the recusal of a district judge is not immediately appealable."). Moreover, "despite the more flexible definitions of finality accorded to bankruptcy orders, denial of a motion to disqualify is not recognized as an exception to the rule requiring finality of judgment of appeal." *In re Global Marine, Inc.*, 108 B.R. 1007, 1008 (S.D. Tex. 1988) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368 (1981); *In re Delta Servs. Indus., Etc.*, 782 F.2d 1267 (5th Cir. 1986)).

The bankruptcy court's ruling on a motion to recuse must "conclusively and permanently decide the existence of a conflict of interest" for it to come within the collateral doctrine exception. *In re Global Marine*, 108 B.R. at 1008. In this case, the

Bankruptcy Court expressly "reserve[d] the right to supplement or amend this ruling" in the Order Denying Motion to Recuse Pursuant to 28 U.S.C. § 455 ("Recusal Order"). R. on Appeal, Vol. 1 (Doc. No. 9-1) at 42; *see In re Global Marine*, 108 B.R. at 1008 ("Rather, the Bankruptcy Court reserved the right to review the issue should a conflict appear to arise in the future."). If the bankruptcy court's order denying recusal is "not a final order appealable by right," leave of the district court is required to bring an interlocutory appeal. 28 U.S.C. § 158(a); *cf. In re Hallwood Energy, L.P.*, Civ. Action No. 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013)(Fish, SJ.) ("Generally, interlocutory appeals are 'sparingly granted' and reserved for 'exceptional' cases.").

In this appeal, it is not apparent from the Bankruptcy Court Record on Appeal that jurisdiction lies over this appeal, nor have Appellants clearly established this Court's jurisdiction over the appeal of this order. Accordingly, the Court **ORDERS** Appellants to file a brief on this discrete issue of the Court's appellate jurisdiction. This jurisdictional brief shall be no more than ten (10) pages in length and may cite only to the Bankruptcy Court Record on Appeal already transmitted in this case. **The brief must be filed on or before December 15, 2021**. Appellee may file a responsive brief, no more than ten (10) pages in length, **on or before December 20, 2021**. There shall be no reply brief unless otherwise ordered by the Court.

Appellants' failure to timely file this jurisdictional brief will result in the immediate dismissal of this appeal without further notice.

**SO ORDERED.**

Signed December 10th, 2021.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE